**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

DWAYNE EDWARDS and
CARIBE SANFORD,

                Plaintiff,

v.

MACOMB COUNTY JAIL,

                Defendants.

_____/

Case Number: 2:16-CV-10404

HONORABLE SEAN F. COX
UNITED STATES DISTRICT JUDGE

**<u>ORDER OF SUMMARY DISMISSAL WITHOUT PREJUDICE</u>**

**I.      Introduction**

This is a civil rights case filed under 42 U.S.C. § 1983 by two individuals who are incarcerated at the Macomb County Jail.  Plaintiff Edwards has filed an affidavit of indigency (ECF No. 2).  Plaintiff Sanford has not.  Plaintiffs alleged they are being denied sufficient access to the law library.  They contend that the law library is essentially useless because the materials are outdated and those materials that are present are missing pages.  Finally, they contend that the prison grievance procedure is inadequate to address their complaints.  They seek several reforms of the prison library and of the prison grievance procedure.  The Court has reviewed the complaint and will dismiss the matter without prejudice.  Plaintiffs may proceed by filing individual complaints.

**II.      Discussion**

The joinder of claims, parties, and remedies is "strongly encouraged" where

appropriate in the interest of judicial economy and fairness.  Fed. R. Civ. P. Rule 20(a)(1)

provides:  "Persons may join in one action as plaintiffs if: (A) they assert any right to

relief jointly, severally, or in the alternative with respect to or arising out of the same

transaction, occurrence, or series of transactions or occurrences; and (B) any question of

law or fact common to all plaintiffs will arise in the action."  Nevertheless, courts have

recognized that allowing *pro se* prisoners to file a joint complaint raises several practical

problems.  There are "pervasive impracticalities associated with multiple-plaintiff

prisoner litigation, which militates against permissive joinder even if it were otherwise

allowed by Rule 20(a)."  *Proctor v. Applegate*, 661 F. Supp. 2d 743, 780 (E.D. Mich.

2009) (Borman, J.). When prisoners attemptto bring a *pro se* lawsuit jointly, several

problems, including the "need for each plaintiff to sign every pleading, and the

consequent possibilities that documents may be changed as they are circulated, or that

prisoners may seek to compel prison authorities to permit them to gather to discuss the

joint litigation."  *Id.*  Moreover, allowing multiple prisoner-plaintiffs to proceed in a

single action "invites violations of Rule 11(a), which requires every pleading to be signed

by all *pro se* plaintiffs."  *Id.*  Multiple-plaintiff *pro se* prisoner cases can also often create

the risk that some prisoners may attempt to file pleadings on behalf of other plaintiffs

without their consent.  *Id.*  An additional problem with multi-plaintiff litigation in the

prisoner context is that "jail populations are notably transitory, making joint litigation

difficult."  *Id.* (quoting *Boretsky v. Corzine*, No. 08-2265, 2008 WL 2512916, *5

(D.N.J.2008)); *see also White v. Tennessee Bd. of Probation and Paroles*, No. 06-2784-

2

B/P, 2007 WL 1309402 (W.D.Tenn. May 3, 2007) ("[I]t is administratively impractical to permit five inmates at three institutions to litigate their claims in a single action"). In addition, the "'need for resolution of individualized questions of fact and law surrounding the requirement for exhaustion of administrative remedies under 42 U.S.C. § 1997e(a),'" contributes to the difficulties of multiple-plaintiff *pro se* prisoner cases. *Proctor*, 661 F. Supp. 2d at 780 (quoting *Boretsky*, 2008 WL 2512916 at * 6). Prisoners are simply "not in the same situation as non-prisoner joint plaintiffs; prisoners' circumstances make joint litigation exceptionally difficult." *Id.*

While misjoinder of parties is not normally sufficient to dismiss an action in its entirety, several factors counsel in favor of a dismissal in this case. Neither plaintiff has filed the appropriate papers to proceed *in forma pauperis.* Plaintiff Sanford will likely be transferred into a Michigan Department of Corrections facility soon as he appears to have entered a guilty plea on February 10, 2016, to uttering and publishing and fourth habitual offender. Plaintiff Sanford's transfer would render his claims moot. His transfer would complicate a multiple-plaintiff proceeding. This Court believes that the best course of action is to dismiss the complaint without prejudice; each plaintiff may file in his own name only, in the federal district court which has the appropriate venue over his claims. *See e.g. Fuller v. Heyns*, No. 2:12-12371; 2012 WL 2374222 (E.D. Mich. June 22, 2012).

**III.    Order**

IT IS HEREBY ORDERED that the complaint DISMISSED WITHOUT

PREJUDICE to the plaintiffs each filing individual complaints on their own behalf.


Dated:  March 21, 2016                      S/ Sean F. Cox
                                            Sean F. Cox
                                            U. S. District Judge


I hereby certify that on March 21, 2016, the foregoing document was served on counsel of record via electronic means and upon Dwayne Edwards via First Class mail at the address below:

DWAYNE EDWARDS 26404
MACOMB COUNTY JAIL
P.O. BOX 2308
MT. CLEMENS, MI 48043


                                            S/ J. McCoy
                                            Case Manager